# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**TABARRIS D. CONNER**                                              **PLAINTIFF**

v.                                                       No. 1:15CV5-GHD-JMV

**LOWNDES COUNTY ADULT
DETENTION CENTER, ET AL.**                                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Tabarris D. Conner, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants denied his access to the courts – and that the sanitation at the Lowndes County Adult Detention Center is poor. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Tabarris Conner alleges that, on September 23, 2014, during his stay in the Lowndes County Adult Detention Center ("LCADC"), he repeatedly requested legal materials to assist with research regarding his ongoing criminal case. The defendants denied his requests each time, stating that he must direct all of his requests for legal assistance to the attorney appointed to defend him. He also states, without elaboration, that the facility had "poor sanitation" and "inadequate bedding and underwear" for the inmates. He has not alleged that these conditions caused him any harm – or even discomfort.

## Denial of Access to the Courts

As the plaintiff had adequate access to the courts through counsel appointed to defend his criminal case – and as he has alleged no harm from lack of access to a legal library – his claim for denial of access to the courts should be denied. Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied*, 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

An inmate's right of access to the courts may be fulfilled in ways other than access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996). The right of access to the courts is not "an abstract, freestanding right to a law library or legal assistance[;] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.*

In this case, the plaintiff's access to the courts is through the counsel appointed him, "[f]or, once the State has provided a petitioner with an attorney in [his legal] proceedings, it has provided him with the 'capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Lamp v. Iowa*, 122 F.3d 1100, 1106 (8th Cir.1997), quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *see also Schrier v. Halford*, 60 F.3d 1309, 1313-1314 (8th Cir.1995) (having appointed counsel is one way in which state can shoulder its burden of assuring access to the courts); *Sanders v. Rockland County Correctional Facility*, No. 94 Civ. 3691, 1995 WL 479445 at *2 (S.D.N.Y. Aug. 14, 1995) ("By the appointment of counsel, plaintiff was afforded meaningful access to the courts in his trial.") When a state provides adequate legal assistance to a prisoner, the state has fulfilled its obligation to provide him access to the courts – and need not provide access to a law library. "Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not both." *Meeks v. California Dep't of Corrections*, 1993 WL 330724 (9th Cir. Aug. 31, 1993), citing *Bounds*, 430 U.S. at 828. The plaintiff had counsel appointed to defend him against criminal charges; as such, he has adequate access to the courts. In addition, he has not alleged that his lack of access to a law library cause prejudice to a legal position. For these reasons, the plaintiff's claim of denial of access to the courts should be dismissed for failure to state a constitutional claim.

## General Conditions of Confinement

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The plaintiff has stated only that the facility had "poor sanitation" and "inadequate bedding and underwear" for the inmates; he has alleged neither harm nor even discomfort from these conditions, however. Thus, taking into account the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581.

## Conclusion

In sum, none of the plaintiff's allegations has merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of August, 2015.

_____
SENIOR JUDGE